# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NEWSTARCOM HOLDINGS, INC., et al., | Case No. 08-10108 (CSS) <br> (Jointly Administered) |
| Debtors. | **Hearing Date:  TBD Pending Trustee's Final Report** <br> **Objection Date:  TBD Pending Trustee's Final Report** |

## STATEMENT OF COMPENSATION REQUESTED
## AND DISBURSEMENTS INCURRED BY
## <u>KAUFMAN, COREN & RESS, P.C. AS SPECIAL COUNSEL FOR TRUSTEE</u>

| Name of Applicant: | Kaufman, Coren & Ress, P.C. ("KCR") |
|---|---|
| Authorized to Provide Professional Services: | Chapter 7 Trustee, George L. Miller |
| Date of Retention: | Retention order entered March 10, 2009 Nunc Pro Tunc to January 13, 2009 |
| Interim period for which payment/reimbursement is sought: | October 31, 2018 through July 31, 2020 |
| Amount of Interim Compensation sought as actual, reasonable and necessary (Contingent Fee): | $ 0 |
| Amount of Interim Expense Reimbursement/Payment sought as actual, reasonable and necessary: | $792.63 |
| Final Period for which compensation and reimbursement is sought: | January 13, 2009 through July 31, 2020 |
| Amount of final compensation sought as actual reasonable and necessary: | $1,181,250 |
| Amount of final expense reimbursement as actual, reasonable and necessary: | $507,419.18 |
| This is an  __  interim ____quarterly __X__final fee application. | |

## SUMMARY OF PRIOR FEE APPLICATIONS

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 3/11/2010 | January 13, 2009 to February 28, 2010 | $86,586.25 | $7,239.61 | $86,586.25 | $7,239.61 |
| 4/17/2012 | March 1, 2010 to March 31, 2012 | $104,263.75 | $3,138.72 | $104,263.75 | $3,138.72 |

7971705 v1

| | | | | | |
|---|---|---|---|---|---|
| 10/15/2013 | April 1, 2012 to September 30, 3013 | $59,150.00 | $80,580.74 | $59,150.00 | $80,580.74 |
| 8/27/14 | October 1, 2013 to July 31, 2014 | 0 | $114,376.75 | 0 | $114,376.75 |
| 5/13/16 | August 1, 2014 to April 30, 2016 | 0 | $257,225.07 | 0 | $257,225.07 |
| 2/3/17 | May 1, 2016 to January 31, 2017 | $800,000.00 | $41,321.38 | $800,000.00 | $41,321.38 |
| 11/14/18 | February 1, 2017 to October 31, 2018 | $131,250.00 | $2744.28 | $131,250.00 | $2,744.28 |

### EXPENSE SUMMARY FOR EIGHTH INTERIM PERIOD

| Expense Category | Service Provider (if applicable | Total Expenses |
|---|---|---|
| Expert Fees/Expenses | | $0 |
| Computer Assisted Legal Research | Westlaw | $497.28 |
| Postage | United States Postal Service | $3.15 |
| Filing Fees | 3d. Circuit | $221.00 |
| Delivery Service | Misc. | $71.20 |
| Court Reporters | | $0 |
| Travel | | $0 |
| Travel Meals | | $0 |
| TOTALS | | $792.63 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEWSTARCOM HOLDINGS, INC., et al.,<br><br>　　　　　　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 08-10108 (CSS)<br>(Jointly Administered)<br><br>**Hearing Date:  TBD Pending Trustee's Final Report**<br>**Objection Date:  TBD Pending Trustee's Final Report** |

**EIGHTH AND FINAL FEE APPLICATION OF**
**KAUFMAN, COREN & RESS, P.C. FOR REIMBURSEMENT OF EXPENSES AS**
**SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, GEORGE L. MILLER, FOR**
**THE INTERIM PERIOD OF OCTOBER 31, 2018 THROUGH JULY 31, 2020 AND THE**
**FINAL PERIOD OF JANUARY 13, 2009 TO JULY 31, 2020**

　　　　Kaufman, Coren & Ress, P.C. ("KCR"), special counsel to George L. Miller, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of the above-captioned debtors (the "Debtors"), in accordance with F.R.B.P. 2016 and under sections 328, 330 and 331 of the Bankruptcy Code, hereby submits this Eighth and Final Application (the "Final Application") for Reimbursement of Expenses for the Interim Period of October 31, 2018 through July 31, 2020 and the Final Period of January 13, 2009 through July 31, 2020.  By this Final Application, KCR seeks allowance of  $792.63 for reimbursement of actual and necessary expenses for the period of October 31, 2018 through July 31, 2020 (the "Interim Period") and final approval of all fees in the amount of $1,181,250 and final expenses in the amount of $507,419.18 for a total amount of $1,688,669.18 for the period of January 13, 2009 through July 31, 2020 (the "Final Fee Period"). In support of the Application, KCR respectfully represents as follows:

**BACKGROUND**

1. George L. Miller is the duly appointed Chapter 7 Trustee (the "Trustee") of the Debtors, NewStarcom Holdings, Inc., ("NHI"), NSC Holdings, Inc. ("NSC"), Constar International, Inc. ("Constar") and Port City Electric, Inc. ("Port City"). NSC served as NHI's intermediate holding company, which held a 100% interest in Port City, Constar, and non-Debtor Matco Electric Corporation ("Old Matco").

2. On January 14, 2008, NHI, along with its wholly-owned subsidiaries NSC, Port City and Constar, filed voluntary petitions for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), with the cases being jointly administered under the caption, *In re NewStarcom Holdings, Inc.*, U.S.B.C. D. Del., Case No. 08-10108 (CSS) (collectively, the "NewStarcom Bankruptcy Cases").

3. Applicant is special counsel to the Chapter 7 Trustee, George L. Miller, in the Newstarcom Bankruptcy Cases under 11 U.S.C. Sections 327 and 328(a), having been so appointed by Order of this Court dated March 10, 2009 (the "Retention Order"). A copy of the Retention Order is attached hereto as **Exhibit A**. At all relevant times, KCR has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code (the "Code") and has not represented nor held any interest adverse to the interest of the Debtors or the Debtors' estates in connection with the matters for which KCR is engaged.

4. By Order dated March 10, 2009, the Court authorized the Chapter 7 Trustee to retain and engage KCR, pursuant to a Fee Agreement (the "Fee Agreement") (a copy of which is attached hereto as **Exhibit B**), which provides, inter alia, as follows: (i) KCR shall be compensated for its time on an hourly basis (billed at 75% of KCR's prevailing hourly rates), in an amount not to exceed Two-Hundred-Fifty-Thousand Dollars ($250,000) (the "Capped Hourly

2

Fees"); and (ii) in addition to being compensated for its time on an hourly basis as set forth above, KCR shall be entitled to receive a contingent fee in an amount equal to Thirty-Five Percent (35%) of the "Financial Benefit" (as defined in the Fee Agreement) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtors. The Trustee and the Debtors shall receive a credit against the contingent fee owed on account of the Capped Hourly Fees actually paid to KCR, as set forth in the Fee Agreement.

5. Pursuant to the Retention Order and Fee Agreement, the Trustee from the Debtors' estates shall be responsible to pay, and shall reimburse KCR for all out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of claims on behalf of the Trustee, including, but not limited to, costs and expenses for filing fees, expert fees, postage, travel, couriers, meals, lodging, court reporters, transcripts, secretarial overtime, and photocopying.

## PRIOR INTERIM FEE APPLICATIONS

6. KCR has filed the following interim applications (the "Prior Interim Applications") for compensation of expenses for services rendered and expenses incurred in this matter which were approved by Court Order for which Applicant has performed all necessary professional services:

|  |  | **Requested** |  | **Approved** |  |
| --- | --- | --- | --- | --- | --- |
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 3/11/2010 | January 13, 2009 to February 28, 2010 | $86,586.25 | $7,239.61 | $86,586.25 | $7,239.61 |
| 4/17/2012 | March 1, 2010 to March 31, 2012 | $104,263.75 | $3,138.72 | $104,263.75 | $3,138.72 |
| 10/15/2013 | April 1, 2012 to September 30, 3013 | $59,150.00 | $80,580.74 | $59,150.00 | $80,580.74 |

3

7971705 v1

| 8/27/14 | October 1, 2013 to July 31, 2014 | 0 | $114,376.75 | 0 | $114,376.75 |
| --- | --- | --- | --- | --- | --- |
| 5/13/16 | August 1, 2014 to April 30, 2016 | 0 | $257,225.07 | 0 | $257,225.07 |
| 2/3/17 | May 1, 2016 to January 31, 2017 | $800,000.00 | $41,321.38 | $800,000.00 | $41,321.38 |
| 11/14/18 | February 1, 2017 to October 31, 2018 | $131,250.00 | $2744.28 | $131,250.00 | $2,744.28 |
| **TOTALS** |  | **$1,181,250** | **$506,626.55** | **$507,419.18** | **$506,626.55** |

## THE ADVERSARY PROCEEDING IN WHICH COSTS SOUGHT TO BE REIMBURSED IN EIGHTH AND FINAL APPLICATION WERE INCURRED

7. NHI, through its operating subsidiaries, Constar, Port City and non-debtor Old Matco, was an electrical contractor and service solutions provider to commercial, industrial and institutional construction markets.

8. On behalf of the Trustee and the Debtors, KCR commenced and prosecuted in the NewStarcom Bankruptcy Case an adversary proceeding (the "Adversary Proceeding") captioned, *GEORGE L. MILLER, as Chapter 7 Trustee of the Bankruptcy Estates of NewStarcom Holdings, Inc., et al., v. AMERICAN CAPITAL, LTD., et al.,* U.S.B.C. D.Del., Adv. No. 10-50063 (CSS).

9. In the Adversary Proceeding, the Trustee asserted claims arising out of, *inter alia*, (a) the prepetition transfer of NewStarcom's operating subsidiary Old Matco to insiders for substantially less than its fair market value, and (b) the waste of the Debtors' businesses and assets arising out of the sale of Old Matco, and the closings of operating subsidiaries Constar and Port City.

10. The claims asserted in the Adversary Proceeding include: breach of fiduciary duty; aiding and abetting breach of fiduciary duty; avoidance of transfers pursuant to 6 Del. C. §§1304 & 1305, and 11 U.S.C. § 544; avoidance of transfers pursuant to 11 U.S.C. §

4

548(a)(1)(A) and (a)(1)(B); and, recovery of transfers pursuant to 11 U.S.C. § 550 (collectively, the "Adversary Claims").

11. The Defendants in the Adversary Proceeding are: ACAS, the majority shareholder of NHI, Steven Price, Gordon O'Brien, Mark Fikse and Craig Moore, who held various positions as directors/officers of ACAS, NHI, NSC, Port City, Constar and Old Matco (collectively, the "ACAS Defendants"); along with Matco Electric Corporation, f/k/a Matco Associates, Inc. ("New Matco"), which acquired Old Matco in or around December 2007, Ronald Barber ("Barber"), Mark Freije ("Freije"), and Kenneth Elliott ("Elliott"). New Matco, Barber, Freije and Elliott are referred to collectively as the "New Matco Defendants."

12. By Order entered July 5, 2012 [Docket No. 71] (the "July 5, 2012 Order"), the Court granted in part and denied in part the ACAS Defendants' and New Matco Defendants' motions to dismiss the Trustee's Amended Complaint in the Adversary Proceeding.

13. By Order entered March 8, 2016 [Docket No. 208] (the "March 8, 2016 Order"), the Court, among other things, granted summary judgment in favor of the New Matco Defendants and against the Trustee as to the claims remaining against the New Matco Defendants in the Adversary Proceeding (certain of the claims against the New Matco Defendants had been dismissed pursuant to the July 5, 2012 Order).

14. The Trustee's claims against the ACAS Defendants were the subject of a certain Settlement Agreement (docketed on January 27, 2017 at Docket Number 223-1 of Adv. Pro. No. 10-50063 (CSS)) by which the Trustee dismissed his claims against the ACAS Defendants, and which Settlement Agreement was the subject of an Order Granting Approval of Settlement (docketed on March 10, 2017 at Docket Number 230 of Adv. Pro. No. 10-50063 (CSS)).

15. Certain claims that were dismissed against the New Matco Defendants (the "Appealed Claims") were the subject of an appeal by the Trustee to the United States District Court for the District of Delaware (the "District Court") at case number 1:17-cv-00309-MN (the "District Court Appeal").

16. On September 6, 2019, after the District Court Appeal was fully briefed, the District Court affirmed this Court's dismissal of the Appealed Claims.

17. On September 11, 2019, the Trustee filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit, appealing the District Court's September 6, 2019 order (the "Third Circuit Appeal").

18. The parties fully briefed the Third Circuit Appeal before the Third Circuit, causing KCR to incur the expenses for which it seeks reimbursement in this Application.

19. On August 7, 2020, the Third Circuit entered an Opinion and Judgment affirming the District Court's September 6, 2019 order.

20. The Third Circuit's August 7, 2020 Judgment concludes the Adversary Proceeding.

**INTERIM RELIEF REQUESTED**

21. A summary of actual and necessary expenses incurred/paid by KCR for the Application Period is attached hereto as **Exhibit C**.

22. KCR represents as follows with regard to its charges for actual, reasonable and necessary costs and expenses during the KCR Expense Application Period:

    (a) In-house copy charges are $.20 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, acquisition, maintenance, storage and operation of copy machines, together with a margin for recovery of lost expenditures. In addition,

          KCR often utilizes outside copier services for high volume projects, and this Application seeks the recovery of those costs, if applicable, based on the actual amounts charged by such outside services;

(b)    Incoming and outgoing facsimiles are not billed; and

(c)    On-line legal research (Westlaw) is charged to clients at KCR's discounted cost. The standard cost of Westlaw research sessions is discounted each month by allocating the savings realized during that month pursuant to special contracts KCR has negotiated with Westlaw.

23.    KCR believes that the charges for which it seeks payment/reimbursement are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### FINAL APPROVAL OF THIS APPLICATION AND ALL PRIOR INTERIM APPLICATIONS PREVIOUSLY APPROVED ON AN INTERIM BASIS IS REASONABLE AND APPROPRIATE AT THIS TIME

24.    KCR incorporates by reference each of its seven (7) Prior Interim Applications and all Notices, Certificates of Service, Certificates of No Objections and Orders relating to such Prior Interim Applications. KCR's Prior Interim Applications were approved by Court Order for all time and expenses through October 31, 2018 after Notice of each Prior Interim Application to all interested parties and the filing of a Certification of No Objection to the Prior Interim Applications.

      WHEREFORE, KCR respectfully requests that the Court enter an Order attached hereto as **Exhibit D** providing for reimbursement/payment of expenses for the Interim Period of October 31, 2018 through July 31, 2020 an allowance be made to KCR in the sum of $792.63 for actual and necessary costs and that such sum be authorized for payment; as well as granting final approval of KCR's final fees in the sum of $1,181,250 and final expenses in the amount of

8

$507,419.18 for a total amount of $1,688,669.18 for the Final Fee Period and for such other and further relief as this court may deem just and proper.

Date: September 24, 2020

Respectfully submitted,

<u>/s/ Steven M. Coren, Esquire</u>
Steven M. Coren, Esquire
Kaufman, Coren & Ress, P.C.
Two Commerce Square, Suite 3900
Philadelphia, PA 19103
Phone: 215-735-8700
Special Counsel to the Chapter 7 Trustee,
George L. Miller